# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

TOBY LIND,

                                            Plaintiff,

                v.

                                                            5:17-CV-717
SOUTHERN GLAZER'S WINE                                       (BKS/ATB)
& SPIRITS, et al.,

                                        Defendants.

TOBY LIND, Plaintiff pro se

ANDREW T. BAXTER, U.S. Magistrate Judge

## REPORT-RECOMMENDATION

Pro se plaintiff paid the filing fee and filed his complaint in this action on March 2, 2018. (Dkt. No. 1).  The complaint raises claims for employment discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. and Title VII of the Civil Rights Act of 1964 ("Title VII"). 42 U.S.C. § 2000e et seq.

## I.    Failure to Serve

### A.    Legal Standards

The Federal Rules of Civil Procedure require that a defendant be served within 90 days of filing the complaint. FED. R. CIV. P. 4(m).  Rule 4(m) provides that if the defendant is not served within 90 days after the complaint is filed, the court "on motion or on its own after notice to the plaintiff - *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." (*Id.*) (emphasis added).  The court must extend the time for service if the plaintiff shows "good cause" for the failure to serve. (*Id.*)

### B.    Application

When plaintiff paid the filing fee and filed this action, the Clerk issued summonses for service on the named defendants. (Dkt. No. 2).  An order was also issued pursuant to General Order 25, which sets the date for a Rule 16 conference and provides other critical information regarding scheduling and mandatory disclosures. (Dkt. No. 3).  Plaintiff's wife[1] was also provided documentation which is routinely issued to pro se parties.

On July 7, 2017, I issued a Text Order, reminding plaintiff the he was responsible for serving the summons, complaint, and General Order 25 packet on defendants in accordance with Fed. R. Civ. P. 4. (Dkt. No. 4).  I also directed that service be completed within 60 days. (*Id.*)  On August 28, 2017, plaintiff requested, and I granted, a thirty-day extension of time to effect service. (Dkt. No. 6).  The date for filing Proof of Service was extended to October 2, 2017. (*Id.*)  On September 8, 2017, I cancelled the Rule 16 scheduling conference due to the delay in serving the defendants. (Text Notice dated 9/8/17).

On September 29, 2017, plaintiff filed a letter-motion, requesting an extension of time to file an "amended complaint." (Dkt. No. 7).  On October 2, 2017, I issued a text order, reminding plaintiff that because he had yet to serve the original complaint, he did not need the court's permission to file an amended complaint. (Dkt. No. 8).  However, I granted plaintiff an extension until December 1, 2017 to serve any summons and amended complaint on defendants.  On October 2, 2017, I also adjourned the Rule 16

---

[1] The docket sheet notes that plaintiff's wife dropped off the complaint for filing. (Dkt. Annotation dated July 5, 2017).

conference to January 10, 2018. (Text Notice dated 10/2/17).

On November 30, 2017, plaintiff filed another letter-motion requesting an extension of time to prepare his amended complaint. (Dkt. No. 10). In this letter, plaintiff advised the court that he was in the process of "an informal settlement." (*Id.*) Plaintiff also stated that he had filed this request "with assistance of an attorney." (*Id.*) I granted the extension request on December 1, 2017 and directed that the deadline for plaintiff to serve any amended complaint and summons on the defendants was reset to January 5, 2018. (Dkt. No. 11). I also reminded plaintiff that, if he chose to amend his complaint, he would have to file the amended complaint with the court. (*Id.*)

On December 22, 2017, a letter was filed requesting "Voluntary Discontinuance" as to the Southern Glazer's Wine & Spirits defendants. (Dkt. No. 12). On January 9, 2018, this letter was stricken from the record by the Honorable Brenda K. Sannes because the letter was filed by an attorney who did not represent the pro se plaintiff. (Dkt. Nos. 12, 13). Plaintiff was advised that, if he is proceeding pro se, he must file papers himself, or if he is represented, the attorney who appears may file papers on his behalf. (*Id.*)

On January 22, 2018, I issued a Text Order, reminding plaintiff that pursuant to my December 1, 2017 Order, plaintiff's deadline to file an amended complaint was January 5, 2018. (Dkt. No. 14). I noted that plaintiff had not filed an amended complaint as of the January 5th deadline. However, in light of Judge Sannes's order striking the Notice of Voluntary Dismissal, I granted plaintiff an extension to file an amended complaint to February 12, 2018. (Dkt. No. 14). I informed plaintiff that if he

wished to voluntarily discontinue two defendants, he could amend his complaint, omitting the two defendants that he wished to dismiss. I also reminded plaintiff that any amended complaint must replace the original in all respects.

Plaintiff did not comply with any of the court's orders. On March 2, 2018, I issued another Text Order, stating that plaintiff had failed to file an amended complaint, but I gave the plaintiff a "final extension" to April 9, 2018 to file the amended complaint with the court. (Dkt. No. 15). I repeated the directions from my prior Text Order and told plaintiff that if he no longer wished to amend, he should serve his original complaint. (*Id.*) I also added that

> **plaintiff is warned that if he does not file and serve an amended complaint by 4/9/18 or, if he no longer wishes to amend, serve his original complaint by 3/19/18, his complaint may be subject to dismissal for failure to serve in accordance with Fed. R. Civ. P. 4(m).**

(Dkt. No. 15) (emphasis in original).

As of today's date, plaintiff has not filed or served an amended complaint, nor does it appear that he has served his original complaint on any of the defendants.[2] Rule 4(m) requires the court to dismiss the action without prejudice for failure to serve, absent good cause. At this point, this court has no choice but to recommend dismissal without prejudice for failure to serve. Plaintiff has been given multiple extensions and has been warned that the failure to serve his complaint may result in dismissal. Plaintiff has not shown good cause for the failure to serve the complaint. The court cannot

---

[2] If plaintiff had served the original complaint, he would had to have filed a certificate of service with the court. No defendants have appeared.

4

continue to grant extensions of time without any input from the plaintiff.[3]

WHEREFORE, based on the findings above, it is

RECOMMENDED, that the complaint be DISMISSED WITHOUT PREJUDICE, based on plaintiff's failure to serve his original complaint or to file and serve an amended complaint.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 12, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[3] The court notes that plaintiff's letter, filed on November 30, 2017 (Dkt. No. 10), states that he was attempting to pursue informal settlement. If plaintiff had obtained a settlement which would render this action moot, he should have filed a letter so indicating.